*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAULA COUGHLIN,

        Plaintiff/Counterdefendant-Appellant,

v

UNITED FARMS, LLC,

        Defendant/Counterplaintiff/Cross-
        Plaintiff-Appellee,

and

SKUNKWERKS RX GROUP, LLC, formerly
known as SKUNKWERKS CONSULTING, LLC,

        Defendant-Appellee,

and

STEVEN CRAVEN,

        Defendant/Cross-Defendant-Appellee.

UNPUBLISHED
January 15, 2025
2:25 PM

Nos. 367540; 369470
Tuscola Circuit Court
LC No. 2022-032244-CH

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

This case arose after plaintiff/counterdefendant, Paula Coughlin, loaned money to defendant/counterplaintiff/cross-plaintiff, United Farms, LLC, pursuant to a promissory note signed by defendant/cross-defendant Steven Craven, who was a managing member of United Farms at the time he signed the note. After United Farms stopped paying on the note, Coughlin brought this action. Coughlin eventually moved for summary disposition under MCR 2.116(C)(10), arguing that there was no question of material fact that United Farms was in breach of the promissory note. United Farms responded by asking that summary disposition be granted in its favor under MCR 2.116(I)(2) because there was no question of material fact that Craven

-1-

lacked authority to bind United Farms. In an August 14, 2023 opinion and order, the trial court denied Coughlin's motion for summary disposition and granted judgment in favor of United Farms, concluding that Craven did not have authority to bind United Farms to the terms of the promissory note. Coughlin appeals that ruling as of right. We conclude that Craven's signing of the promissory note on behalf of United Farms as a manager of that limited liability company bound United Farms under MCL 450.4406, so the trial court erred by denying Coughlin's motion for summary disposition on her breach-of-contract claim.

Coughlin also brought claims against Craven and Craven's business, defendant Skunkwerks RX Group, LLC, formerly known as Skunkwerks Consulting, LLC (Skunkwerks), for failing to satisfy other promissory notes they signed, and Coughlin challenges the dismissal of those claims on appeal. We conclude that the trial court erred by failing to address these claims before dismissing Coughlin's complaint, and accordingly remand for further proceedings with respect to Coughlin's claims against Craven and Skunkwerks. Additionally, after this action was commenced, it came to light that Craven destroyed evidence potentially relevant to United Farms' counterclaims against Coughlin and crossclaims against Craven. United Farms requested that Craven be sanctioned for this misconduct, and the trial court granted the request. Unfortunately, neither United Farms nor the trial court followed the procedure in MCR 2.602(B)(3) for entering the ensuing, so we vacate the July 27, 2023 order sanctioning Craven and remand for further proceedings with respect to that order. Lastly, after the court ruled in United Farms' favor, it awarded United Farms' request for costs. Because the trial court erred by concluding that United Farms was the prevailing party in this action, it abused its discretion by awarding United Farms' request for costs.

For these reasons, as explained more fully in this opinion, we vacate the trial court's July 27, 2023 order, vacate the trial court's award of costs, reverse in part and vacate in part the trial court's August 14, 2023 opinion, and remand this case for further proceedings consistent with this opinion.

## I. BACKGROUND

Craven and Coughlin have a lengthy history of conducting business together.[1] In a May 1, 2014 promissory note, Coughlin agreed to loan Craven $75,000 at an interest rate of 10%. The note was secured by property located at 10109 Lewis Road in Clio, Michigan. At the time, the Lewis Road property was owned by Michael Eichhorn and was under land contract with Michigan

---

[1] It is not entirely clear what Craven and Coughlin's relationship is, or when they started doing business together. In her responses to interrogatories, Coughlin stated that she may have first met Craven around 2011 and that he was "her financial planner." At her deposition, she said that she was unsure when she met Craven, and that he was "referred to [her] as a financial advisor." She then clarified that she met Craven because "he was the person that would manage [her] life insurance" with "Triple A," and "then subsequently after that he gave [her] ideas for investments." In Craven's responses to interrogatories, he stated that he may have first met Coughlin around 2005 and "served as [Coughlin's] insurance agent." Craven denied that he was a financial advisor to Coughlin and said that he never told Coughlin to "invest [in] anything."

Management Consultants, LLC, of which Craven was a member. On November 19, 2014, Craven signed a promissory note on behalf of Skunkwerks, in which Skunkwerks agreed to repay "Neil D. Shere and Associates" $27,000 at 10% interest in exchange for the execution of the note. Coughlin signed the note on behalf of "Neil D. Shere and Associates." The May 1, 2014 and November 19, 2014 promissory notes were amended on February 24, 2016, when Craven entered into an agreement with Coughlin to consolidate the notes[2]; in the February 24, 2016 "amendment," Craven agreed to pay Coughlin a total of $102,000, plus 10% interest for the first two years, then 5% interest until the debt was satisfied in full. This new consolidated note was secured by the Lewis Road property.

Years later, Craven and the other managing member of United Farms, Joshua Barrett, agreed to go into business together, and they formed United Farms on August 20, 2020, when it filed its articles of organization with the Department of Licensing and Regulatory Affairs (LARA). Around this same time, Craven approached Coughlin about yet another loan, this one for United Farms in the amount of $135,000. Coughlin agreed to loan the money and tendered a cashier's check to United Farms on August 26, 2020 for $135,000. In exchange, Craven, on behalf of United Farms, signed a promissory note on August 29, 2020, in which United Farms agreed to pay Coughlin $212,000, plus 3% interest. The $212,000 principal included the $135,000 loan to United Farms, plus the $102,000 that Craven already owed, minus payments Craven had already made on that debt.[3] The August 29, 2020 promissory note signed by Craven on behalf of United Farms was secured by the Lewis Road property. It is unclear who owned the Lewis Road property when Craven signed the note. Regardless, on September 10, 2020, Michigan Management Consultants conveyed the Lewis Road property to United Farms via a warranty deed in exchange for $135,000. The warranty deed was signed by Craven on behalf of Michigan Management Consultants.[4] Neither Coughlin, Craven, nor United Farms ever recorded Coughlin's purported security interest in the Lewis Road property.

The parties dispute how much Barrett, the other managing member of United Farms, knew about Craven's dealings with Coughlin, particularly the extent to which Craven involved United Farms in his dealings with Coughlin. Under United Farms operating agreement, which became

---

[2] The 2016 note does not explicitly state that it consolidated the May 1, 2014 note and the November 19, 2014 note, but Coughlin explained in her motion for summary disposition before the trial court that the 2016 note "combine[d] the principal balances owned [sic] under the May 2014 and November 2014 Promissory Notes . . . ."

[3] This new note presumably satisfied the Craven's debt under the February 24, 2016 promissory note because in a September 9, 2020 handwritten addendum to that note signed by Craven and Coughlin, it states, "Paid in Full."

[4] It is not clear from the record when Michigan Management Consultants acquired title to the Lewis Road property. United Farms admitted in its response to interrogatories that it deposited Coughlin's $135,000 check to United Farms, and attached the deposited check to its response. Craven testified at his deposition that he paid off the remainder of Michigan Management Consultants' land contract for the Lewis Road property with the $135,000 from Coughlin, and that Michigan Management Consultants was "refunded what was left over."

effective August 24, 2020, a managing member like Craven could only incur liabilities on United Farms' behalf, or bind United Farms to an agreement, if a majority of the managers agreed to it. As there were only two managing members of United Farms, this meant that, under United Farms' operating agreement, both Barrett and Craven had to agree to the August 29, 2020 promissory note for it to be binding on United Farms. But Barrett claimed that he did not become aware that Craven had signed the August 29, 2020 promissory note until January or February of 2022, though he acknowledged that he became aware sometime in September or October of 2020 that Craven had "obtained" $135,000 from Coughlin because, around that time, Craven began "saying [he] need[ed] to get [Coughlin] some money." Craven, for his part, testified that, as of August 2020, Barrett was aware that Craven borrowed $135,000 from Coughlin and was rolling his existing $77,000 debt to Coughlin into the August 2020 loan. But Craven conceded that "there was no agreement" between himself and Barrett to bind United Farms to the terms of the August 2020 note, and that Craven had no document to support that he was authorized to sign the promissory note on behalf of United Farms.

In June 2022, counsel for Coughlin informed United Farms that it was in default of the August 29, 2020 promissory note due to its failure to make timely installment payments under the note. In November 2022, Coughlin filed her complaint against United Farms, and in February 2023, she filed an amended complaint that also named Craven and Skunkwerks. Count I of Coughlin's amended complaint alleged that United Farms breached the August 29, 2020 promissory note; Count II alleged that Craven breached the May 1, 2014 promissory note; Count III alleged that Skunkwerks breached the November 19, 2014 promissory note; Count IV alleged that "Craven and/or Skunkwerks" breached the February 24, 2016 amendment to the 2014 promissory notes; in Count V, Coughlin requested that the trial court order defendants to perfect Coughlin's security interest in the Lewis Road property or, alternatively, to impose an equitable lien over the Lewis Road property in Coughlin's favor; and Count VI alleged that United Farms was unjustly enriched by the $135,000 that Coughlin loaned to the company that it was refusing to repay.

In May 2023, United Farms filed its answer and affirmative defenses to Coughlin's amended complaint, and also asserted counterclaims against Coughlin and crossclaims against Craven. For its affirmative defenses, United Farms asserted, among other things, that the August 29, 2020 promissory note was voidable because Craven lacked authority to bind United Farms to the terms of the note and that the note was unenforceable due to lack of consideration. In Count I of United Farms' counterclaim against Coughlin, it sought to quiet title to the Lewis Road property; Count II alleged slander of title on grounds that Coughlin acquired her purported interest in the Lewis Road property through fraud; Count III alleged a claim of fraud against Coughlin; and Count IV alleged civil conspiracy, asserting that Craven and Coughlin concealed the August 29, 2020 promissory note from Barrett in a concerted effort "to accomplish a lawful purpose by unlawful means." Turning to United Farms' crossclaims against Craven, in Count I, United Farms sought a declaratory judgment that Craven's signing of the August 29, 2020 promissory note was an ultra vires act that rendered the note voidable; Count II alleged that Craven breached his fiduciary duties to United Farms; Count III alleged that Craven engaged in fraud by executing the August 29, 2020 promissory note on United Farms' behalf and intentionally concealing the information from Barrett and United Farms; and Count IV repeated the civil-conspiracy claim that United Farms alleged against Coughlin, but this time alleged the claim against Craven.

In July 2023, Coughlin moved for summary disposition under MCR 2.116(C)(10) as to her claims against United Farms as well as to United Farms' counterclaims against Coughlin. Coughlin contended that she was entitled to summary disposition on her breach-of-contract claim because United Farms was clearly in breach of the August 29, 2020 promissory note. As for United Farms' affirmative defenses, Coughlin argued that Craven, as a managing member of United Farms, had actual or apparent authority to bind United Farms to the terms of the note. Even if Craven did not, Coughlin added, United Farms was still bound by the terms of the note under MCL 450.4406 because Craven was a managing member of United Farms and Coughlin did not have actual or constructive knowledge that Craven lacked authority to bind United Farms. Lastly, Coughlin argued that United Farms' lack-of-consideration argument was frivolous because United Farms received value in exchange for its agreement to the terms of the promissory note.

In response, United Farms argued that Coughlin's breach-of-contract claim against United Farms failed as a matter of law because (1) Craven lacked actual and apparent authority to bind United Farms to the August 29, 2020 promissory note because both managers had to agree to the note under United Farms' operating agreement and Barrett had no knowledge about the note and (2) MCL 450.4406 could not save Coughlin's claim because United Farms' articles of organization did not grant Craven the authority to bind United Farms. United Farms further argued that the rest of Coughlin's complaint should be dismissed because (1) the 2014 notes binding Craven and Skunkwerks were rolled into the 2016 note, and that note had been marked "Paid in Full," and (2) Coughlin's equitable claims against United Farms should have been brought against Craven alone because he was the one that defrauded Coughlin and was the only person unjustly enriched by his fraudulent conduct. United Farms concluded that, because Coughlin's claims should all be dismissed, the trial court should grant summary disposition in United Farms' favor under MCR 2.116(I)(2).

The trial court heard the parties' competing motions at a July 26, 2023 hearing.[5] At the conclusion of the hearing, the court stated that it would take the matter under advisement and issue a written opinion, which it did on August 14, 2023. In that opinion, the trial court ruled that the August 29, 2020 promissory note was not binding on United Farms because under the terms of United Farms' operating agreement, both managing members had to agree before United Farms could be bound to the note, and Craven lacked authority to unilaterally do so. As for Coughlin's MCL 450.4406 argument, the trial court reasoned that the section did not apply because, by its terms, MCL 450.4406 states that a manager cannot bind a limited liability company if "this act establishes that the manager lacks authority to" perform the contested action, and the trial court opined that the act did so. The court reasoned that this was so because MCL 450.4401 stated that the business of a limited liability company managed by members like United Farms was "subject to any provision in an operating agreement." And because United Farms' operating agreement clearly prohibited Craven from unilaterally binding United Farms to the August 29, 2020 promissory note, the note was unenforceable as to United Farms. The court believed that this disposed of Coughlin's breach-of-contract claim as well as her equitable claims, which entitled

---

[5] At the start of the hearing, the trial court addressed United Farms' motion for sanctions against Craven for the spoliation of evidence. The parties' arguments and the court's ruling on that motion are addressed later in this opinion.

United Farms to summary disposition as to all of Coughlin's claims under MCR 2.116(I)(2). The opinion and order stated that it "resolve[d] the last pending claim and close[d] the case."

This appeal followed.

## II. COUGHLIN'S CLAIMS RELATED TO THE AUGUST 2020 PROMISSORY NOTE

On appeal, Coughlin argues that the trial court erred by denying her motion for summary disposition on her breach-of-contract claim related to the August 29, 2020 promissory note because Craven had actual or apparent authority to bind United Farms to the agreement. Coughlin alternatively argues that, even if Craven did not have authority to bind United Farms to the note, United Farms was nevertheless bound by the terms of the note by virtue of MCL 450.4406. We agree with Coughlin that United Farms was bound by the terms of the August 29, 2020 promissory note under MCL 450.4406.

### A. STANDARD OF REVIEW

A trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). Coughlin moved for summary disposition under MCR 2.116(C)(10), which "tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120. A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006). "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

Questions of statutory interpretation are reviewed de novo. *Woodman v Dep't of Corrections*, 511 Mich 427, 440; 999 NW2d 463 (2023).

### B. ANALYSIS

To begin, we have little difficulty concluding that, if the August 29, 2020 promissory note was enforceable against United Farms, then United Farms was in breach of the note. To prevail on a claim for breach of contract, a party must establish (1) the existence of a valid contract, (2) that a party to the agreement is in breach, and (3) that the breach damaged the party bringing the claim. *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016). A promissory note is a contract. *Collateral Liquidation v Renshaw*, 301 Mich 437, 443; 3 NW2d 834 (1942).

If the August 29, 2020 promissory note is enforceable against United Farms, then United Farms was clearly in breach of the agreement, and Coughlin clearly suffered damages as a result,

i.e., the second and third elements of Coughlin's breach-of-contract claim are satisfied. See *Bank of America, NA*, 499 Mich at 100. United Farms argues that the promissory note is not a valid contract—and so the first element of Coughlin's claim is not satisfied—because "United Farms did not receive consideration from" Coughlin. According to United Farms, the $135,000 Coughlin provided under the note was Craven's "capital contribution to United Farms," and the remaining $77,000 secured by the note was previously used by Craven to construct a pole barn on the property that "had nothing to do with United Farms." It is unclear why United Farms believes that this constitutes a lack of consideration, but we need not address the argument because United Farms has abandoned it by failing to cite any caselaw supporting its argument. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). We accordingly conclude that the August 29, 2020 promissory note is a valid contract, see *Collateral Liquidation*, 301 Mich at 443, and if it is enforceable against United Farms, then Coughlin is entitled to summary disposition.

United Farms argues, and the trial court agreed, that the August 29, 2020 promissory note is not enforceable against United Farms because Craven lacked authority to bind United Farms to the terms of the note. Coughlin argues that, regardless of whether Craven had authority to bind United Farms to the note, the note is enforceable against United Farms by virtue of MCL 450.4406.

Addressing Coughlin's argument requires this Court to interpret the statute. The goal of statutory interpretation is to give effect to the Legislature's intent. *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 334; 999 NW2d 423 (2023). This starts with examining the words of the statute, as that is "the most reliable evidence of" the Legislature's intent. *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011) (quotation marks and citation omitted). When a statute is unambiguous, it "must be enforced as written," and "[n]o further judicial construction is required or permitted." *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014) (quotation marks and citation omitted).

MCL 450.4406 provides:

> A manager is an agent of the limited liability company for the purpose of its business, and the act of a manager, including the execution in the limited liability company name of any instrument, that apparently carries on in the usual way the business of the limited liability company of which the manager is a manager binds the limited liability company, unless both of the following apply:
>
> (a) The manager does not have the authority to act for the limited liability company in that particular matter.
>
> (b) The person with whom the manager is dealing has actual knowledge that the manager lacks authority to act or the articles of organization or this act establishes that the manager lacks authority to act.

It is undisputed that Craven was a managing member—and thus a manager for purposes of MCL 450.4406—of United Farms when he signed the August 29, 2020 promissory note. Under MCL 450.4406, as a manager, Craven was "an agent of" United Farms "for purposes of its business," and his actions, "including the execution" of the August 29, 2020 promissory note in United

Farms' name, bound United Farms unless the two stated conditions in the statute applied.[6] Those conditions are that (1) the manager did not, in fact, have authority to act for the limited liability company in the particular matter and (2) the person dealing with the manager actually knew that the manager lacked the authority to act, or should have known that the manager lacked the authority to act because it was so stated in the limited liability company's articles of incorporation or the Michigan Limited Liability Company Act (MLLCA), MCL 450.4401 *et seq*. established that the manager lacked the authority to act. MCL 450.4406(a) and (b). The parties dispute whether Craven had authority to bind United Farms to the terms of the August 29, 2020 promissory note—that is, whether MCL 450.4406(a) applied—but we need not address that argument. For United Farms to *not* be bound by the promissory note under MCL 450.4406, both Subsections (a) and (b) must apply. It follows that if MCL 450.4406(b) does apply, then United Farms is bound by the promissory note under MCL 450.4406, regardless of whether MCL 450.4406(a) applies.

The knowledge component of MCL 450.4406(b) can be established in three ways: (1) "[t]he person with whom the manager is dealing has actual knowledge that the manager lacks authority to act," (2) the limited liability company's articles of organization "establish[] that the manager lacks authority to act," or (3) "this act"—referring to the MLLCA—"establishes that the manager lacks authority to act." MCL 450.4406(b). It is clear that MCL 450.4406(b) does not apply in this case in either of the first two ways. It cannot be seriously disputed that Coughlin— the person with whom Craven was dealing—did not have actual knowledge that Craven lacked authority to bind United Farms to the promissory note. There is simply nothing in the record supporting a conclusion to the contrary. It is also apparent based on a simple review of United Farms' articles of incorporation that nothing in that document suggested that Craven lacked authority to act on behalf of United Farms. While United Farms is correct that its "Articles of Organization did not grant Craven the authority to sign the Promissory note," MCL 450.4406(b) asks whether "the articles of organization . . . establishes that the manager lacks authority to act." And, again, we believe it clear that United Farms' articles of organization do not establish that Craven lacked authority to bind United Farms to the promissory note.

United Farms argues—and the trial court agreed—that MCL 450.4406(b) applies in the third way; that is, it believes that a different section of the MLLCA establishes that Craven lacked the authority to bind United Farms to the August 29, 2020 promissory note. In support of its argument, United Farms relies on MCL 450.4401, which provides:

> Unless the articles of organization state that the business of the limited liability company is to be managed by 1 or more managers, the business of the limited liability company shall be managed by the members, subject to any provision in an operating agreement restricting or enlarging the management rights and duties of any member or group of members. If management is vested in the members, both of the following apply:

---

[6] No party has raised any argument about whether Craven's signing of the promissory note constituted an act "that apparently carrie[d] on in the usual way" of United Farms' business, MCL 450.4406, so we assume for purposes of this opinion that this portion of the statute is satisfied.

(a) The members are considered managers for purposes of applying this act, including section 406 regarding the agency authority of managers, unless the context clearly requires otherwise.

(b) The members have, and are subject to, all duties and liabilities of managers and to all limitations on liability and indemnification rights of managers.

United Farms is correct that, as it was managed by its members, United Farms' managing members' ability to conduct business on United Farms' behalf was "subject to any provision in an operating agreement restricting or enlarging the management rights and duties of any member or group of members." MCL 450.4401. United Farms is also correct that its operating agreement plainly prohibited Craven from unilaterally incurring debt for the limited liability company and binding United Farms to the note without the approval of Barrett, the other managing member.[7]

But United Farms' argument fails because MCL 450.4401 does not, itself, establish that Craven lacked the authority to bind United Farms to the promissory note. MCL 450.4401 merely says that Craven's actions as a managing member were subject to United Farms' operating agreement. That alone does not establish that Craven lacked authority to bind United Farms to the promissory note. MCL 450.4406(b) asks whether "this act establishes that the manager lacks authority to act," and because MCL 450.4401 does not establish that Craven lacked authority to bind United Farms to the note, it does not satisfy the plain language of MCL 450.4406(b).

Accordingly, MCL 450.4406(b) does apply—Coughlin lacked actual knowledge that Craven lacked authority to bind United Farms to the promissory note; United Farms' articles of incorporation do not establish that Craven lacked authority to bind United Farms to the promissory note; and United Farms has not identified any section of the MLLCA that establishes that Craven lacked authority to bind United Farms to the promissory note. It follows that, under MCL 450.4406, United Farms was bound by the actions of Craven, as a manager, including his "execution" in United Farms' "name of any instrument," such as the August 29, 2020 promissory note. Therefore, the trial court erred in denying Coughlin's motion for summary disposition on her breach-of-contract claim (Count I of Coughlin's amended complaint) under MCR 2.116(C)(10) and granting judgment in favor of United Farms under MCR 2.116(I)(2) for that claim. We additionally vacate the trial court's ruling with respect to Count V of Coughlin's

---

[7] Section 8.2 of United Farms' operating agreement provides that managers could only "borrow money and incur liabilities" and "enter into any and all agreements" if done in accordance with the agreement's majority-voting process. As the trial court correctly reasoned, because there were only two managing members, both Craven and Barrett had to agree to a listed action to form the requisite majority to approve the act. Coughlin on appeal fails to address the trial court's ruling that the United Farms' operating agreement prohibited Craven from unilaterally binding United Farms to the promissory note, thereby abandoning any argument that it did not. See *Redmond v Heller*, 332 Mich App 415, 449; 957 NW2d 357 (2020).

amended complaint and remand for further proceedings with respect to that count in light of this opinion.[8]

## III. OTHER CLAIMS

Coughlin next argues that the trial court erred by closing the case without first addressing her claims against Skunkwerks and Craven. We agree with Coughlin that the trial court erred by dismissing Coughlin's amended complaint without addressing all of the claims she raised in the complaint. Accordingly, we vacate the trial court's opinion and order to the extent that it dismissed Coughlin's claims against Craven and Skunkwerks in Counts II, III, and IV of Coughlin's amended complaint without addressing those claims. Coughlin is free to pursue those claims on remand.

In its brief on appeal, United Farms raises an argument similar to Coughlin's—it contends that the trial court erred by closing the case without addressing United Farms' counterclaims against Coughlin. Unfortunately, United Farms has not filed a cross-appeal in this Court, and an appellee that has not filed a cross-appeal is not permitted to obtain a decision from an appellate court more favorable than what was rendered by the trial court. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). We accordingly decline to address this argument.[9]

## IV. MCR 2.602

Coughlin next argues that the trial court's July 27, 2023 order granting sanctions against Craven was entered in violation of MCR 2.602(B)(3). We agree.

### A. STANDARD OF REVIEW

A trial court's interpretation and application of a court rule are questions of law, reviewed de novo. *Jones v Jones*, 320 Mich App 248, 259; 905 NW2d 475 (2017).

### B. ANALYSIS

On July 5, 2023, United Farms filed a motion for sanctions against Craven for spoliation of evidence. In the motion, United Farms averred that in Craven's responses to United Farms'

---

[8] We do not disturb the trial court's ruling with respect to Count VI of Coughlin's amended complaint. That count alleged a claim of unjust enrichment for the $135,000 that Coughlin gave to United Farms. Because that money was subject to an express contract (the August 29, 2020 promissory note), Coughlin's claim for unjust enrichment was properly dismissed. See *Martin v East Lansing Sch Dist*, 193 Mich App 166, 177-178; 483 NW2d 656 (1992).

[9] To be clear, nothing in this opinion should be construed as prohibiting United Farms from reasserting its counterclaims back in the trial court. Coughlin argues in her reply brief that United Farms waived its counterclaims, but because we decline to address United Farms' argument related to its counterclaim, we similarly decline to address Coughlin's waiver argument. But Coughlin is free to raise her waiver argument before the trial court if United Farms seeks to reassert its counterclaims.

request for interrogatories, Craven stated that he had "deleted" evidence material to the United Farms' defenses and claims in the case, including communications about the loans and promissory note with Coughlin. United Farms requested that Craven be sanctioned for this misconduct, asking in its prayer for relief that the trial court (1) enter a default judgment against Craven on United Farms' crossclaims; (2) order Craven to indemnify United Farms from any liability in this case; (3) alternatively draw an adverse inference against Craven or presume that the deleted evidence was unfavorable to Craven; and (4) tax costs and reasonable attorney fees.

The trial court heard United Farms' motion for sanctions at the start of the July 26, 2023 hearing on the parties' motions for summary disposition. Craven, appearing *in propria persona* in the lower court, did not attend, and counsel for United Farms asked the trial court to grant United Farms' motion for sanctions. The trial court agreed that the motion should be granted, ruling:

> All right. So, the motion for sanctions for spoliation of evidence was served on Mr. Craven, as well as Skunkwerks. No one on their behalf has appeared. You can take the relief that's prayed for. Specifically, entry of default judgment for the cross-claim against defendant Craven, cross-defendant. And require—an order requiring Craven to indemnify United Farms from any potential liability in this case. And that's it. I'm not awarding attorney fees because I don't know that there's any authority for that.

The trial court entered an order purportedly reflecting this ruling the following day on July 27, 2023.

Problematically, it is not clear the procedure giving rise to this order. Coughlin claims on appeal, as she did in the trial court, that her counsel was not provided with a copy of the proposed order United Farms submitted to the trial court before the order was submitted. On the same day the order was entered, Coughlin filed an objection to it, claiming that the order was not consistent with the trial court's July 26, 2023 oral ruling. Coughlin was particularly concerned that some of the rulings the trial court made in the July 27, 2023 order could affect Coughlin's claims against United Farms, and Coughlin asked the trial court to make clear that any rulings against Craven were limited to Craven and did not affect Coughlin's claims against United Farms.

The thrust of Coughlin's argument on appeal is that the trial court's entry of the July 27, 2023 order did not comply with the requirements of MCR 2.602(B)(3). We agree. That rule provides the following procedure for orders to be entered, stating in pertinent part:

> **(B) Procedure of Entry of Judgments and Orders**. An order or judgment shall be entered by one of the following methods:
>
> * * *
>
> (3) Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. The party must file with the court clerk the notice and proof of service along with the proposed judgment or order.

(a) If no written objections are filed within 7 days of the date of service of the notice, the judge shall sign the judgment or order if, in the court's determination, it comports with the court's decision. If the proposed judgment or order does not comport with the decision, the court shall direct the clerk to notify the parties to appear before the court on a specified date for settlement of the matter.

(b) Objections regarding the accuracy or completeness of the judgment or order must state with specificity the inaccuracy or omission.

(c) The party filing the objections must serve them on all parties as required by MCR 2.107, together with a notice of hearing and an alternative proposed judgment or order.

(d) The court must schedule the hearing upon filing of the first objection, and the party filing the objection must serve the notice of hearing under subrule (B)(3)(c). Other parties to the action may file objections with the court through the end of the 7-day period. The court must schedule a hearing for all objections within 14 days after the first objection is filed or as soon as is practical afterward.

A review of the record confirms that, for reasons unclear, the provisions of MCR 2.602(B)(3) were not followed before the trial court signed the July 27, 2023 order granting United Farms' motion for sanctions for spoliation of evidence. Specifically, Coughlin was not provided with a copy of the proposed order, MCR 2.602(B)(3), and while she nonetheless filed objections that addressed the accuracy and completeness of the proposed order, and requested a hearing to be held on September 6, 2023, the trial court, instead of conducting the hearing within 14 days or as soon as was practical afterward, MCR 2.602(B)(3)(d), signed and entered the order on July 27, 2023. These clear violations of MCR 2.602(B)(3) require us to vacate the trial court's July 27, 2023 order and remand for further proceedings.

United Farms argues on appeal that the trial court's order granting United Farms' request for sanctions "had no effect on [Coughlin] or her case." If that was true, we may conclude that the trial court's failure to follow MCR 2.602(B)(3) was harmless, see MCR 2.613(A), but we are hesitant to agree with United Farms that the July 27,2023 order did not affect Coughlin's claims against United Farms. The July 27, 2023 order stated that it was granting a default judgment against Craven in favor of United Farms:

[A]s to United Farms' Cross-Claims, which include the following prayers for relief:

a. For an order that Craven's execution of the August 29, 2020 Promissory Note at issue in this case (the "Promissory Note") was an *ultra vires* act;

b. For an order that the Promissory Note is void as to United Farms and the real property located at 10109 S. Lewis Rd. Clio, Michigan 48420 . . . .

It thus appears that the July 27, 2023 order may very well affect Coughlin's claims against United Farms, and we believe it prudent to vacate the order and allow the trial court to hear Coughlin's objections to the order and enter judgment in accordance with the procedures in MCR 2.602(B)(3).

-12-

## V.  COSTS

For her final argument on appeal, Coughlin asks this Court to vacate the trial court's award of costs. An award of costs is reviewed for an abuse of discretion. *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 92; 910 NW2d 691 (2017). United Farms requested costs under MCR 2.625(A)(1), which provides:

> **(A) Right to Costs**.
>
> (1) *In General*. Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

For the reasons explained above, the trial court erred by concluding that United Farms prevailed in this action, and, concomitantly, the court erred by concluding that United Farms was a prevailing party under MCR 2.625(A)(1). The trial court thus abused its discretion by awarding costs to United Farms because that decision was based on the trial court's legal error of concluding that United Farms was the prevailing party. See *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016) (explaining that a trial court necessarily abuses its discretion when it makes an error of law).

## VI.  CONCLUSION

For the reasons explained in this opinion, the trial court's July 27, 2023 order awarding sanctions is vacated, and the trial court is instructed to comply with MCR 2.602(B)(3) on remand before entering an order granting United Farms' motion for sanctions for spoliation of evidence. As for the trial court's August 14, 2023 opinion and order, the trial court erred by granting summary disposition to United Farms and denying Coughlin's motion for summary disposition on her breach-of-contract claim. The August 14, 2023 opinion's ruling with respect to Coughlin's Count I is accordingly reversed. The trial court also erred by dismissing Counts II, III, and IV of Coughlin's complaint in its August 14, 2023 opinion without addressing those claims, so the trial court's decision in that respect is vacated, the counts are reinstated, and the trial court should conduct further proceedings with respect to those counts on remand. As to Count V in Coughlin's amended complaint, we vacate the trial court's opinion and order to the extent that it granted summary disposition in favor of United Farms on that count, and remand for the parties to litigate the appropriate disposition of Count V in light of this opinion. As to Count VI of Coughlin's amended complaint, we affirm the trial court's dismissal of that claim. Finally, we vacate the trial court's award of costs to United Farms because United Farms was not the prevailing party under MCR 2.625(A)(1).

Affirmed in part, reversed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

-13-